UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAMAR LARKIN JONES; ZACH SHORE; and RUCKUS PRODUCTIONS,<br><br>Defendants. | No. 2:15-cv-01372<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>JURY DEMAND |

The Pokémon Company International, Inc. ("TPCi") brings this action against Ruckus Productions, Ramar Larkin Jones and Zach Shore, to put an end to and obtain redress for their blatant and willful infringement of TPCi's copyrights.

## I.    SUBJECT-MATTER JURISDICTION

1. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), because it arises under the Copyright Act (17 U.S.C. § 101, et seq.).

## II.    THE PARTIES

2. Plaintiff, The Pokémon Company International, Inc., is a Delaware corporation with its principal place of business at 601 108th Ave. NE, Suite 1600, Bellevue, Washington 98004.

COMPLAINT - 1
DWT 27731722v2 0050033-000131

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3. On information and belief, Defendant Ramar Larkin Jones ("Jones") is a resident of Seattle, Washington.

4. On information and belief, Defendant Zach Shore ("Shore") is a resident of Seattle, Washington.

5. On information and belief, Defendant Ruckus Productions ("Ruckus") is an entity controlled by Jones and Shore that does business in this judicial district, or a trade name used by Jones and Shore for their business activities in this judicial district.

### III. PERSONAL JURISDICTION AND VENUE

6. On information and belief, Defendants are subject to personal jurisdiction in this Court because they reside and transacts business within this judicial district. Defendants also are subject to personal jurisdiction in this Court because this dispute arises from Defendants' intentionally tortious conduct—namely, willfully and deliberately infringing TPCi's copyrights—with which Defendants have specifically targeted and injured TPCi in this judicial district.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and has harmed TPCi in this judicial district. Venue also is proper under 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this judicial district and therefore is deemed to reside here.

### IV. FACTUAL ALLEGATIONS

**A. The Pokémon Trading Card Game and Some of its Characters.**

8. TPCi manufactures, markets, and distributes a variety of entertainment products, including trading card games, movies, television shows, and toys throughout the United States and around the world.

9. At the center of TPCi's business is the wildly popular Pokémon trading card game (the "Trading Card Game"). Each Pokémon trading card represents a particular character (or "Pokémon"). Players take the role of "Trainers" and use their collected Pokémon to battle

COMPLAINT - 2
DWT 27731722v2 0050033-000131

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

the other Trainers' creatures.  Between games, players collect and exchange trading cards to assemble their optimal decks.

10. Each Pokémon trading card contains original artwork depicting a Pokémon character, as well as a description of the character and its powers and abilities, and other data indicating the card's value.  For example, here is a copy of a trading card depicting the iconic character Pikachu:



11. Under the Copyright Act, TPCi owns the copyrights in the artwork and characters that TPCi has developed over thousands of trading cards for more than a decade. TPCi has registered its claims to copyrights in the trading cards and the characters they depict with the United States Copyright Office.  Exhibit A to this Complaint lists TPCi's copyright registrations in some of these trading cards pertaining to two Pokémon characters, Pikachu and Snivy, including the titles of those works and their corresponding registration numbers (collectively, the "Pokémon Works").

12. TPCi products, and specifically the Trading Card Game cards, are rolled out to significant fanfare and marketed to millions of users both in the United States and around the world.  In 2014 alone, TPCi invested over $6 million in domestic advertising and promotions

COMPLAINT - 3
DWT 27731722v2 0050033-000131

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

associated with its Trading Card Game.  TPCi products are directed at and enjoyed by users of all ages.

13. TPCi features the Pokémon characters not only in its vastly successful Trading Card Game, but also in a wide variety of clothing, books, toys, and other merchandise (the "Pokémon Merchandise") that TPCi creates and sells, both directly and through a world-wide network of licensees.  TPCi's domestic sales of Pokémon Merchandise exceeded $6 million in 2014 alone.

14. The iconic characters and comprehensive Pokémon world that appear in the Pokémon Trading Card Game also provide a rich source of content for the 18 seasons of TPCi's long-running televised series of Pokémon cartoons and 17 full-length Pokémon animated motion pictures.

15. Through appearances in the Pokémon television programs and films, together with years of development through the Trading Card Game and Pokémon Merchandise, several Pokémon characters have emerged as icons and fan favorites.  They include Pikachu and Snivy, which are described more fully below.

16. Pikachu, the most recognizable Pokémon within the Pokémon universe, has become the principal mascot for TPCi as a company and for the Pokémon brand world-wide.  Sample images of this iconic character appear below:

 

17. Pikachu appears on numerous cards in the Pokémon Trading Card Game, and is featured in or around the branding for championship tournaments and other events that TPCi organizes with respect to the Pokémon Trading Card Game.  Pikachu has consistently featured

COMPLAINT - 4
DWT 27731722v2 0050033-000131

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

in Pokémon Merchandise since its introduction, and TPCi's prominent use of Pikachu in such goods has generated enormous consumer recognition.

18.     Of the Pokémon Works listed in Exhibit A, Copyright Registrations No. VA0001821217, VA0001908607 and VA0001736210 depict Pikachu.

19.     Another Pokémon character is Snivy, which made its Pokémon Trading Card Game debut in 2011 and has since appeared on over five cards.  Since that time, Snivy has also been featured on consumer goods, including books, toy figures and plush, games, apparel, accessories.  Images of Snivy appear below:




20.     Of the Pokémon Works listed in Exhibit A, Copyright Registrations No. VA0001905493 and VA0001819420 depict Snivy.

**B.     Defendants and Their Infringing Activities.**

21.     On information and belief, Defendants are producing and will be presenting an event that they call the "5th Annual Unofficial Pokemon PAX Kickoff Party," which is scheduled to take place on August 27, 2015 at 500EAST Social House in Seattle, Washington, starting at 8:00 p.m.

22.     Defendants are promoting this event through a Facebook page they have created at https://www.facebook.com/events/1655205158055812/ .  They also are promoting the event

COMPLAINT - 5
DWT 27731722v2 0050033-000131

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

and have sold tickets to it (the event is now listed as sold out) through the following page at Eventbrite: http://www.eventbrite.com/e/5th-annual-unofficial-pax-pokemon-kickoff-party-tickets-17842953755.

23. Defendants boast that the "5th Annual Unofficial Pokemon PAX Kickoff Party" will feature among other things, "Pokemon themed shots and drinks - Smash Bros. Tournament with cash prize - Dancing - Giveaways - Cosplay Contest and more," and an "AMAZIN POKEMON MASHUP."

24. Defendants have incorporated infringing copies of Pikachu and Snivy into their poster for the "5th Annual Unofficial Pokemon PAX Kickoff Party," depicted below, and are publicly displaying that poster:



COMPLAINT - 6
DWT 27731722v2 0050033-000131

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

25. Defendants have also incorporated an infringing copy of Pikachu into a post on their Facebook page promoting the "5th Annual Unofficial Pokemon PAX Kickoff Party," as shown below



26. Defendants' exploitation of the Pikachu and Snivy characters in promotion of the "5th Annual Unofficial Pokemon PAX Kickoff Party" is a direct infringement of TPCi's exclusive rights in the Pokémon Works.

27. On information and belief, Defendants were involved in "Annual Unofficial Pokemon PAX Kickoff Parties" that were held in 2011 through 2014 and copyrighted works owned by TPCi, including the Pokémon Works listed in Exhibit A, were infringed at those parties.

28. TPCi believes that Defendants will further infringe copyrighted works owned by TPCi, including but not limited to the Pokémon Works listed in Exhibit A, and reserves the right to supplement this complaint with additional acts of infringement that occur after it has been filed.

COMPLAINT - 7
DWT 27731722v2 0050033-000131

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## V.  CAUSE OF ACTION

### (Copyright Infringement, 17 U.S.C. § 101, et seq.)

29. TPCi realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 28 above.

30. Each of the Pokémon Works constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

31. TPCi is the sole owner of copyright in the Pokémon Works, as noted on the corresponding Certificates of Registration.

32. Defendants have copied, created derivative works of, distributed copies to the public, and/or displayed publicly Pokémon Works without the consent or authority of TPCi, thereby directly infringing TPCi's exclusive rights under Section 106 of the Copyright Act 17 U.S.C. § 106.

33. The foregoing acts of Defendants constitute infringement of TPCi's exclusive rights, in violation of the Copyright Act, 17 U.S.C. § 501(a).

34. Defendants' actions were and are intentional, willful, wanton, and performed in disregard of TPCi's rights.

35. TPCi is entitled to injunctive relief pursuant to 17 U.S.C. § 502.  TPCi has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) TPCi's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' continued infringement harms TPCi such that TPCi could not be made whole by a monetary award alone, and (c) Defendants' wrongful conduct, and the resulting damage to TPCi, is continuing.

36. TPCi has been and will continue to be damaged, and Defendants has been unjustly enriched, by Defendants' unlawful infringement of TPCi's copyrights in an amount to be proven at trial.

37. Alternatively, TPCi is entitled to statutory damages under 17 U.S.C. § 504(c).

COMPLAINT - 8
DWT 27731722v2 0050033-000131

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

38. In addition, for the reasons set forth above, the award of statutory damages should be within the higher range allowed by 17 U.S.C. § 504(c)(2) when infringement has been committed willfully.

39. TPCi is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## VI.   PRAYER FOR RELIEF

WHEREFORE, TPCi respectfully requests judgment be entered in its favor and against Defendants as follows:

1. A permanent injunction perpetually enjoining and restraining Defendants, and all persons or entities acting in concert with them, from copying, creating derivative works from, distributing copies of, and/or publicly displaying the Pokémon Works.

2. An award of:

   a. the actual damages suffered by TPCi as a result of Defendants' infringement, and any profits of Defendants that are attributable to the infringement and are not taken into account in computing the actual damages; or in the alternative, at the election of TPCi at any time before final judgment is rendered,

   b. statutory damages pursuant to 17 U.S.C. § 504(c), within the higher range allowed when infringement has been committed willfully.

3. An award to TPCi of its costs of suit, including, but not limited to, reasonable attorneys' fees, as permitted by law;

4. An order under 17 USC §503(b) directing

   a. impoundment, on such terms as the Court may deem reasonable, of (i) all copies made or used in violation of the exclusive rights of TPCi; (ii) all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced; and (iii) records documenting the manufacture, sale, or receipt of things involved in any such violation, provided that any records seized shall be taken into the custody of the Court; and

COMPLAINT - 9
DWT 27731722v2 0050033-000131

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

      b. destruction or other reasonable disposition of all copies found to have been made or used in violation of TPCi's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced; and

5.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, TPCi demands a trial by jury of all issues so triable.

DATED this 26th day of August, 2015.

    Davis Wright Tremaine LLP
    Attorneys for Plaintiff The Pokémon Company International, Inc.

By s/ Stuart R. Dunwoody
    Stuart R. Dunwoody
    WSBA #13948
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101-3045
    Telephone: 206-757-8034
    Fax: 206-757-7034
    E-mail: stuartdunwoody@dwt.com

COMPLAINT - 10
DWT 27731722v2 0050033-000131

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax