The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAMAR LARKIN JONES; ZACH SHORE; and RUCKUS PRODUCTIONS,<br><br>Defendants. | No. 2:15-cv-01372-RAJ<br><br>FINAL JUDGMENT AND PERMANENT INJUNCTION |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

**FINDINGS AND CONCLUSIONS**

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. In the Complaint, Plaintiff The Pokémon Company International, Inc. ("TPCi") sought, among other relief, injunctive relief under 17 U.S.C. § 502.

2. The Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court under 28 U.S.C. § 1391(b).

3. The Complaint alleges, in part, that Defendants copied, reproduced, displayed and distributed TPCi's copyrighted Pokémon works without authorization, thereby infringing TPCi's copyrighted works.

FINAL JUDGMENT AND PERMANENT INJUNCTION - 1

4.       Defendant Ruckus Productions is a trade name used by Defendant Ramar Larkin Jones ("Jones").

5.       TPCi has previously dismissed its claims against Defendant Zach Shore without prejudice.

6.       TPCi is the prevailing party in this action within the meaning of 17 U.S.C. § 505.

## FINAL JUDGMENT

Judgment is entered in favor of TPCi and against Jones, individually and doing business as Ruckus Productions ("Defendant Jones").

## INJUNCTION

1.       For the purposes of this Permanent Injunction, the following definitions apply:

   (a)    "Copyrighted Work" shall mean any work, or portion thereof, whether now in existence or later created, in which TPCi, or a parent, subsidiary or affiliate of TPCi owns or controls a valid and subsisting exclusive right under the Copyright Act, 17 U.S.C. § 101 *et seq*.

   (b)    "Infringing Work" shall mean any unauthorized scan, copy, reproduction, counterfeit, derivative work or other colorable imitation of the Copyrighted Works or any part thereof.

   (c)    "Days" means calendar days, unless otherwise specified.

2.       Defendant Jones and his agents, servants, employees, assigns, and all those in active concert or participation with any of them ("Enjoined Parties"), who receive actual notice of this Permanent Injunction by personal service or otherwise, are ORDERED and ENJOINED as follows:

   (a)    Effective immediately upon the entry of this Permanent Injunction, the Enjoined Parties are permanently enjoined from infringing the Copyrighted Works, either directly or contributorily, including generally but not limited to, by copying, reproducing, displaying, promoting,

FINAL JUDGMENT AND PERMANENT INJUNCTION - 2

            marketing, advertising, offering for sale or otherwise disposing of or distributing any Infringing Work.

    (b)    Effective immediately upon the entry of this Permanent Injunction, the Enjoined Parties are permanently enjoined from inducing, aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon any Copyrighted Work.

    (c)    Within seven (7) days of the entry of this Permanent Injunction, Defendant Jones shall remove from websites, including but not limited to Facebook.com and Eventbrite.com, all Infringing Works that he has posted there.

    (d)    Within seven (7) days of the entry of this Permanent Injunction, Defendant Jones shall delete or destroy each and every copy of an Infringing Work in their possession, custody or control.

    (e)    Within fourteen (14) days of the entry of this Permanent Injunction, Defendant Jones shall deliver to Stuart R. Dunwoody, Davis Wright Tremaine LLP, Suite 2200, 1201 Third Avenue, Seattle, Washington 98101-3045, counsel for TPCi in this matter, a declaration signed under penalty of perjury in compliance with 28 U.S.C. § 1746, certifying that he has complied with the removal and destruction of the Infringing Works as ordered herein.

3.    If TPCi believes that Defendant Jones has violated any provision of this Permanent Injunction, TPCi will provide him with written notice of the alleged violation and Defendant Joneswill have three (3) days after receipt of the notice to cure the alleged violation. If the alleged violation is not cured by the expiration of this 3-day period, TPCi may pursue any and all actions and relief in connection with the alleged violation.

## BINDING EFFECT

IT IS FURTHER ORDERED that this Permanent Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Permanent Injunction by personal service or otherwise.

## AWARD OF COSTS AND ATTORNEY'S FEES

IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 505, judgment is entered in favor of The Pokémon Company International, Inc. and against Ramar Larkin Jones, individually and doing business as Ruckus Productions, in the amount of Five Thousand Four Hundred Dollars and Zero Cents ($5,400.00) for costs, including a reasonable attorney's fee.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this action for purposes of construing, modifying, and enforcing this Permanent Injunction.

IT IS SO ORDERED.

DATED this 7th day of April, 2016.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Court

FINAL JUDGMENT AND PERMANENT INJUNCTION - 4