The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAMAR LARKIN JONES; ZACH SHORE; and RUCKUS PRODUCTIONS,<br><br>Defendants. | No. 2:15-cv-01372-RAJ<br><br>FINAL JUDGMENT AND PERMANENT INJUNCTION |

This matter comes before the Court on the Joint Motion of Plaintiff The Pokémon Company International, Inc. ("TPCi") and Defendants Ramar Larkin Jones and Ruckus Productions ("Jones") for entry of judgment against Jones.[1]

**FINDINGS OF FACT**

Based on the parties' Joint Motion, the Court finds the following:

1.     TPCi manufactures, markets, and distributes a variety of entertainment products, including trading card games, movies, television shows, and toys throughout the United States and around the world.

---

[1] TPCi has previously dismissed its claims against Defendant Zach Shore without prejudice.

2. At the center of TPCi's business is the Pokémon trading card game (the "Trading Card Game"). Each Pokémon trading card contains original artwork depicting a Pokémon character, as well as a description of the character and its powers and abilities, and other data indicating the card's value.

3. TPCi also features the Pokémon characters in a wide variety of clothing, books, toys, and other merchandise that TPCi sells, both directly and through a world-wide network of licensees. The Pokémon characters are also featured in TPCi's long-running televised series of Pokémon cartoons and 17 full-length Pokémon animated motion pictures.

4. Pikachu, the most recognizable Pokémon within the Pokémon universe, has become the principal mascot for TPCi as a company and for the Pokémon brand world-wide. Pikachu appears on numerous cards in the Pokémon Trading Card Game, and is featured in or around the branding for championship tournaments and other events that TPCi organizes with respect to the Pokémon Trading Card Game. Pikachu has consistently featured in Pokémon Merchandise since its introduction, and TPCi's prominent use of Pikachu in such goods has generated enormous consumer recognition.

5. Another Pokémon character is Snivy, which made its Pokémon Trading Card Game debut in 2011 and has since appeared on over five cards. Since that time, Snivy has also been featured on consumer goods, including books, toy figures and plush, games, apparel, and accessories.

6. Additional characters among the over 700 Pokémon characters include Bulbasaur, Charmander, Ditto, Gengar, Meowth, Oshawott, and Squirtle.

7. TPCi owns the copyrights in the artwork for the Pokémon characters that TPCi has used in thousands of trading cards for more than a decade.

8. Jones is a resident of Seattle, Washington.

9. Jones is in the business of organizing parties, which he does under the trade names Ruckus Productions and Revolution Thursdays.

10. Jones organized and produced Pokémon-themed parties in 2012, 2013, and 2014: the "Unofficial PAX Kickoff Party" held on August 30, 2012 ("the 2012 Party"), the "3rd Annual Pokemon Unofficial PAX Pre-Party" held on August 29, 2013 ("the 2013 Party"), and the "4th Annual Unofficial Pokemon PAX Kickoff Party" on August 28, 2014 ("the 2014 Party). These parties were held at bars in Seattle serving liquor and were open to the public. The 2012 Party took place at The Social (a now-closed nightclub), and the 2013 and 2014 Parties took place at The Baltic Room.

11. Jones planned a Pokémon-themed party, the "5th Annual Unofficial PAX Pokémon Kickoff Party" ("the 2015 Party"), to be held August 27, 2015 at 500 East, a bar in Seattle that serves liquor and is open to the public.

12. Jones publicized the 2012, 2013, 2014, and 2015 Parties extensively, including via Facebook, Eventbrite, and postings on event calendars on websites such as www.eventful.com.

13. Jones sold tickets to the 2015 Party at $6.77 for a "NO Wait VIP Ticket," that would provide access to a "VIP lounge area" and quick entry, and at $2.99 for regular admission.

14. Jones used images of Pokémon characters to publicize the parties. For example, Jones copied the Pokémon characters Pikachu and Snivy to create the poster depicted below left promoting the 2015 Party, and copied Pikachu to make the Facebook post depicted below right promoting the 2015 Party. Jones caused this poster and Facebook post to be publicly displayed on the Internet.





15. At the 2012, 2013, and 2014 Parties, Jones distributed raffle cards depicting the Pokémon characters including Bulbasaur, Charmander, Ditto, Meowth, and Squirtle, which attendees could use to obtain prizes. Jones copied images of these characters to create the raffle cards, he caused copies to be made of the raffle cards, and he publicly displayed the raffle cards at the 2012, 2013 and 2014 Parties. Jones planned to use this raffle card at the 2015 Party as well.



16. At the 2012, 2013, and 2014 Parties, Pokémon-themed alcoholic drinks were available for purchase. Jones planned to have Pokémon-themed alcoholic drinks available for purchase at the 2015 Party.

17. In advance of the 2014 Party, Jones directed a graphic artist to copy the Pokémon characters Bulbasaur, Gengar, Oshawott, and Pikachu and to create banners bearing images of those characters. In addition to those images, the banners bear the logos of Revolution Thursdays and of Smirnoff Vodka. Jones caused these banners to be publicly

displayed at the 2014 Party, as shown in the photos below that Jones posted to the Facebook account for his Revolution Thursdays business. Jones planned to display these banners at the 2015 Party.






18. The Baltic Room paid Jones a share of the revenue it received from sales of drinks and food at the 2013 and 2014 Parties. Jones had an agreement with 500 East that it would pay him a share of its revenue for the 2015 Party.

19. After TPCi filed its complaint in this action, Jones cancelled the 2015 Party and gave refunds to purchasers of tickets.

20. TPCi owns copyrights in various works depicting the Pokémon characters Bulbasaur, Charmander, Ditto, Gengar, Meowth, Oshawott, Pikachu, Snivy, and Squirtle. These works include the ones covered by the following copyright registrations:

| **Registered Title** | **Copyright Registration Title** | **(Character)** |
|---|---|---|
| PB&W4 - Pikachu (39/99) | VA0001821217 | Pikachu |
| PB&W7 - Pikachu (50/149) | VA0001908607 | Pikachu |
| HGSS Undaunted - Pikachu (61/90) | VA0001736210 | Pikachu |
| PB&W – Snivy (1/114) | VA0001819420 | Snivy |
| PB&W7 - Snivy (11/149) | VA0001905493 | Snivy |
| HGSS Triumphant - Gengar (94/102) | VA0001755592 | Gengar |
| PB&W5 - Bulbasaur (1/108) | VA0001917301 | Bulbasaur |
| PB&W7 - Charmander (18/149) | VA0001907710 | Charmander |
| PBW11 - Charmander (17/113) | VA0001940161 | Charmander |
| PB&W - Oshawott (28/114) | VA0001819684 | Oshawott |
| PB&W7 - Ditto (108/149) | VA0001908692 | Ditto |
| PB&W4 - Meowth (80/99) | VA0001817767 | Meowth |
| PB&W7 - Squirtle (29/149) | VA0001907954 | Squirtle |

**CONCLUSIONS OF LAW**

1. The Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

2. The Court has personal jurisdiction over Jones, and venue is proper in this Court under 28 U.S.C. § 1391(b).

3. TPCi is the prevailing party in this action within the meaning of 17 U.S.C. § 505.

4. Jones violated TPCi's exclusive rights as owner of copyrighted works depicting Pikachu and Snivy to (1) reproduce the copyrighted works in copies; (2) prepare derivative works based upon the copyrighted works; and (3) display the copyrighted works publicly. 17 U.S.C. § 106(1)-(2), (5). TPCi's Complaint does not allege infringement of copyrighted works relating to Pokémon characters other than Pikachu and Snivy, so the court does not rule on whether TPCi has infringed TPCi's copyrights in Bulbasaur, Charmander, Ditto, Gengar, Meowth, Oshawott, and Squirtle.

5. Jones's actions do not constitute fair use under 17 U.S.C. § 107 because (1) the purpose and character of Jones's use was commercial in nature; (2) the copyrighted works are highly creative works subject to broad (not thin) copyright protection; (3) Jones used a substantial portion of the copyrighted works in relation to the copyrighted works as a whole; and (4) Jones's use affects the potential market for or value of the copyrighted work. In addition, Jones's use of the copyrighted works is not transformative.

6. Jones's actions constitute infringement of TPCi's copyrights in Pikachu and Snivy under 17 U.S.C. § 501.

7. Pursuant to 17 U.S.C. § 504(c), the court finds an award of statutory damages against Jones and in favor of TPCi in the total amount of $10,000 to be just under the circumstances of this case. This amount comprises statutory damages of $5,000 for infringement of TPCi's copyrights in Pikachu and $5,000 for infringement of TPCi's copyrights in Snivy

8. Traditional equitable factors support entry of a permanent injunction against Jones. Jones's infringement has caused irreparable harm to TPCi's rights in the copyrighted works and to control their use and exploitation, which cannot be adequately measured and compensated. TPCi will continue to suffer this irreparable harm unless Jones is enjoined from continuing the conduct complained of, which injury cannot be adequately compensated

monetarily.  Remedies available at law, such as monetary damages, are inadequate to compensate for that injury, particularly since Jones has very limited ability to respond to a money judgment.  Considering the balance of hardships between TPCi and Jones, a remedy in equity is warranted. The public interest would be served by the injunction.

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

### INJUNCTION

1.   For the purposes of this Permanent Injunction, the following definitions apply:

   (a)  "Copyrighted Work" shall mean any work, or portion thereof, whether now in existence or later created, in which TPCi, or a parent, subsidiary or affiliate of TPCi owns or controls a valid and subsisting exclusive right under the Copyright Act, 17 U.S.C. § 101 *et seq.*

   (b)  "Infringing Work" shall mean any unauthorized scan, copy, reproduction, counterfeit, derivative work or other colorable imitation of the Copyrighted Works or any part thereof.

   (c)  "Days" means calendar days, unless otherwise specified.

2.   Defendant Jones and his agents, servants, employees, assigns, and all those in active concert or participation with any of them ("Enjoined Parties"), who receive actual notice of this Permanent Injunction by personal service or otherwise, are ORDERED and ENJOINED as follows:

   (a)  Effective immediately upon the entry of this Permanent Injunction, the Enjoined Parties are permanently enjoined from infringing the Copyrighted Works, either directly or contributorily, including generally but not limited to, by copying, reproducing, creating derivative works of, displaying, promoting, marketing, advertising, offering for sale, or otherwise disposing of or distributing, any Infringing Work.

   (b)  Effective immediately upon the entry of this Permanent Injunction, the Enjoined Parties are permanently enjoined from inducing, aiding,

abetting, contributing to, or otherwise assisting anyone in infringing any Copyrighted Work.

    (c)    Within seven (7) days of the entry of this Permanent Injunction, Defendant Jones shall remove from websites, including but not limited to Facebook.com and Eventbrite.com, all Infringing Works that he has posted there.

    (d)    Within seven (7) days of the entry of this Permanent Injunction, Defendant Jones shall delete or destroy each and every copy of an Infringing Work in his possession, custody or control, including but not limited to the banners described in Finding of Fact No. 17.

    (e)    Within fourteen (14) days of the entry of this Permanent Injunction, Defendant Jones shall deliver to Stuart R. Dunwoody, Davis Wright Tremaine LLP, Suite 2200, 1201 Third Avenue, Seattle, Washington 98101-3045, counsel for TPCi in this matter, a declaration signed under penalty of perjury in compliance with 28 U.S.C. § 1746, certifying that he has complied with the removal and destruction of the Infringing Works as ordered herein.

3.    If TPCi believes that Defendant Jones has violated any provision of this Permanent Injunction, TPCi will provide him with written notice of the alleged violation and Defendant Jones will have three (3) days after receipt of the notice to cure the alleged violation. If the alleged violation is not cured by the expiration of this 3-day period, TPCi may pursue any and all actions and relief in connection with the alleged violation.

### BINDING EFFECT

IT IS FURTHER ORDERED that this Permanent Injunction shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons

who are in active concert or participation with anyone described herein, who receive actual notice of this Permanent Injunction by personal service or otherwise.

### AWARD OF DAMAGES

IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 504(c), judgment is entered in favor of The Pokémon Company International, Inc. and against Ramar Larkin Jones, individually and doing business as Ruckus Productions, in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00).

### RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this action for purposes of construing, modifying, and enforcing this Permanent Injunction.

IT IS SO ORDERED.

DATED this 26th day of April, 2016.

*[signature]*

The Honorable Richard A. Jones
United States District Court